IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NIMMRICH & PRAHM REEDEREI        §
Gmbh & Co. KG MS "SONJA, as owner of   §
the M/V SUSAN K, NIMMRICH & PRAHM   §
BEREEDERUNG Gmbh & Co. KG, as      §
operator of the M/V SUSAN K, and the   §
M/V SUSAN K, in rem,           §
                               §
     Plaintiffs,               §
                               §
V.                             §     CIVIL ACTION NO. H-12-1142
                               §
UNITED STATES OF AMERICA,      §
UNITED STATES COAST GUARD, and   §
UNITED STATES CUSTOMS AND      §
BORDER PROTECTION AGENCY,      §
                               §
     Defendants.               §

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(A) and (B) is Petitioner's "Emergency Petition to Fix Security for Release of the M/V

SUSAN K, and Request for an Expedited Hearing on the Motion (Document No. 1), and

Respondents' Motion  to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 10).  A

hearing was held on April 20, 2012, and the parties have now both submitted their additional briefing

on the jurisdictional issues (Document Nos. 18 & 19).

Having considered Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction,

a motion which must be considered first, Petitioners' Response, Respondents' Reply, the claim(s),

issues and alleged jurisdictional bases, and the applicable law, the undersigned concludes and

RECOMMENDS, for the reasons set forth below, that Respondents' Motion to Dismiss (Document

No. 10) be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

## I.    Background

The underlying facts are not in dispute.  Between March 6 and March 8, 2012, an inspection was conducted of the M/V SUSAN K by Coast Guard personnel.  Following that inspection, an investigation was instigated by the Coast Guard to determine whether Petitioners had intentionally discharged oil/pollutants into the sea, in violation of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901-1915.  Toward that end, the Coast Guard requested that the Customs and Border Protection Agency withhold customs clearance for the M/V SUSAN K.  33 U.S.C. § 1908(e) specifically provides for this as follows:

> (e) Ship clearance or permits; refusal or revocation; bond or other surety
> If any ship subject to the MARPOL Protocol, Annex IV to the Antarctic Protocol, or this chapter, its owner, operator, or person in charge is liable for a fine or civil penalty under this section, or if reasonable cause exists to believe that the ship, its owner, operator, or person in charge may be subject to a fine or civil penalty under this section, the Secretary of the Treasury, upon the request of the Secretary, shall refuse or revoke the clearance required by section 60105 of Title 46. Clearance may be granted upon the filing of a bond or other surety satisfactory to the Secretary.

Customs and Border Protection acceded  to the Coast Guard's request, and on March 12, 2012, a letter was delivered to the M/V SUSAN K informing it that its customs clearance had been withheld. The letter stated:

> The Coast Guard has exercised its authority under 33 USC 1908(e) to request the withholding of the clearance, permit to proceed, or permit to depart of the vessel SUSAN K because on or about March 6th, 2012, the U.S. Coast Guard determined there was reasonable cause to believe that the SUSAN K, its owners, operators, or

person in charge may be subject to a fine or civil penalty under 33 USC 19014 et. seq. and relevant regulations found in 33 CFR Subchapter O.

Customs and Border Protection has withheld departure clearance for the vessel SUSAN K as required by 33 U.S.C. 1908(e), 46 USC 60105, and 19 CFR 4.66a. Clearance may be granted upon the filing of a surety satisfactory to the Secretary, which includes a financial bond and other pledges and promises.  The bond amount may be forfeited if the owner or operator fails to meet the terms of surety satisfactory [sic].  Any movement of your vessel prior to acceptance of the surety is prohibited except as authorized by he COTP Sector Houston-Galveston.

The Eighth Coast Guard District Legal Office will coordinate negotiations with the vessel owner and operator to obtain surety satisfactory to the Secretary.  Once satisfactory surety is received, you will be notified so that clearance may be granted to the vessel. . . .

I request that you forward this letter to the Owner/Operator of the M/V SUSAN K or their designated representative.  You may appeal the decision to withhold departure clearance or the underlying examination in accordance with the processes set out in 33 CFR 160.7 or 46 CFR 1.03-20, respectively.

(Document No. 4-7).

Following receipt of the letter, negotiations commenced between Petitioners and the Coast Guard regarding terms of a bond or other surety.  By April 13, 2012, the date Petitioners filed their "Emergency Petition to Fix Security for Release of the M/V SUSAN K," negotiations had reached an impasse, with the parties unable to bridge the gap between them as to the amount of an appropriate bond, and the provisions to be made for eight members of the crew of the M/V SUSAN K, whom the Coast Guard wanted available for purposes of their on-going investigation under the APPS.  Subsequent to the filing of Petitioners' motion, however, the United States sought and obtained material witness warrants for the eight crew members.  Those eight crew members appeared with counsel in Court on April 20, 2012, and were released on bond.  The Government was given a sixty-day time limit to depose those material witness crew members.  Additionally, and as is

tangentially relevant to this case, a separate civil case is pending against the M/V SUSAN K, pursuant to which the M/V SUSAN K was arrested on March 19, 2012. *See Caytrans BBC, LLC v. M/V Susan K, et al*, Civil Action No. H-12-0822 (S.D. Tex.) (Atlas, J.). As of this date, the vessel remains under arrest.

## II.    Subject Matter Jurisdiction

Petitioners, in their "Emergency Petition to Fix Security" assert that the Court has subject matter jurisdiction over this case based on their "admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based in admiralty pursuant to 28 U.S.C. § 1333 and Supplemental Rules for Certain Admiralty and Maritime Claims, Rules C and E." (Document No. 1 at 2). Respondents, in their Motion for Summary Judgment, argue that the Court does not have admiralty jurisdiction over the case, that jurisdiction cannot be based on the APPS because Petitioners did not wait the required 60 days before filing this case, as is provided for in 33 U.S.C. § 1910(b), and that there is no final agency action for purposes of judicial review under the Administrative Procedures Act ("APA"), 5 U.S.C. § 704.

### A.    Admiralty Jurisdiction

Petitioners contend the Court has admiralty jurisdiction over this case because the "M/V SUSAN K has been detained and de facto arrested and attached by the Respondents since March 6, 2012." Petitioners' Response to Respondents' Motion to Dismiss (Document No. 18) at 8. Respondents, in their Motion to Dismiss, argue that because there has been no detention or arrest of the M/V SUSAN K, Petitioners do not have an admiralty claim and there is no admiralty jurisdiction.

4

In *Wilmina Shipping AS v. United States*, ___ F.Supp.2d ___, 2010 WL 2079905 (S.D. Tex. 2010), this Court rejected the same arguments for admiralty jurisdiction as have been posited by Petitioners herein.  In so doing, United States District Judge Janis Graham Jack wrote:

> The Court also lacks jurisdiction under the Supplementary Admiralty Rule E, which states that it "applies to actions in personam with process of maritime attachment and garnishment, actions in rem, and petitory, possessory, and partition actions, supplementing Rules B, C, and D." Fed.R.Civ.P. Adm. Rule E(1). The action at issue here is not an attachment pursuant to a civil action, but rather a withholding of customs clearance under 33 U.S.C. § 1908(e). The USCG is authorized under Section 1908(e) to request that CBP withhold clearance "because the vessel, its owner, operator, or person in charge, is liable for a fine or civil penalty, or reasonable cause exists to believe they may be subject to a fine or civil penalty under the provisions of 33 U.S.C.1908.... Clearance or a permit to proceed may be granted when the port director is informed that a bond or other security satisfactory to the Coast Guard has been filed." 19 C.F.R. § 4.66c(a). These procedures are specific to the APPS statute, and are not supplemented by civil Admiralty Rules governing actions *in rem* and *quasi in rem.*

*Wilmina*, 2010 WL 2079905 at * 3.  For the same reasons set forth by Judge Jack in *Wilmina*, and the additional reason that Admiralty Rule C applies only to cases *in rem*, admiralty jurisdiction does not exist in this case.

### B.    APPS Jurisdiction

Civil actions are both anticipated and provided for under the APPS.  In particular, 33 U.S.C. § 1910 provides as follows:

> (a) Persons with adversely affected interests as plaintiffs; defendants
> Except as provided in subsection (b) of this section, any person having an interest which is, or can be, adversely affected, may bring an action on his own behalf –
>
>> (1) against any person alleged to be in violation of the provisions of this chapter, or regulations issued hereunder;

(2) against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under this chapter which is not discretionary with the Secretary;

(3) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary; or

(4) against the Secretary of the Treasury where there is alleged a failure of the Secretary of the Treasury to take action under section 1908(e) of this title.

(b) Commencement conditions
No action may be commenced under subsection (a) of this section –

(1) prior to 60 days after the plaintiff has given notice, in writing and under oath, to the alleged violator, the Secretary concerned, and the Attorney General; or

(2) if the Secretary or the Administrator has commenced enforcement or penalty action with respect to the alleged violation and is conducting such procedures diligently.

Whether Petitioners could maintain an action under § 1910 or not, 60 days of pre-suit notice is required under § 1910.  *Guiseppe Bottiglieri Shipping Co. S.P.A. v. United States*, ___ F.Supp.2d ___, 2012 WL 527619 at *3 (S.D. Ala. 2012).   Here, there has not been such notice.  Accordingly, § 1910 can not provide a basis for subject matter jurisdiction over this case.  *Id.*

### C.    APA Jurisdiction

Under the APA, judicial review is available for a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704; *see also Sackett v. Environmental Protection Agency*, 132 S.Ct. 1367 (2012).  "If there is no final agency action, a federal court lacks subject matter jurisdiction."  *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004).

6

"In general, for agency action to be deemed final, it 'must mark the consummation of the agency's decision-making process' and 'must be [action] by which rights or obligations have been determined or from which legal consequences will flow." *Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011) (quoting *Peoples Nat'l Bank*, 362 F.3d at 337). "The Supreme Court has identified four factors for determining when agency action is final: (1) whether the challenged action is a definitive statement of the agency's position, (2) whether the action has the status of law with penalties for noncompliance, (3) whether the impact on the plaintiff is direct and immediate, and (4) whether the agency expects immediate compliance." *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir. 1997).

Here, Coast Guard regulations refer to decisions, in writing, of the Assistant Commandant for Marine Safety, Security and Stewardship as being the Coast Guard's "final agency action." *See* 33 CFR § 160.7(d). There is no such written decision in this case. Moreover, it cannot be said on this record that the parties' impasse in their negotiations marks the "consummation" of the Coast Guard's decision making process under § 1908(e). Counsel for Respondents has stated that the Coast Guard remains willing to negotiate. In addition, the Coast Guard's rejection of Petitioner's last offer, *see* Document No. 4-15, did not close the door to further negotiations, and cannot be viewed as a "definitive statement of the [Coast Guard's] position. Similarly, the rejection of Petitioner's last offer had no immediate legal consequences for Petitioners, and there was no performance or compliance expected of Petitioners as a result of the Coast Guard's rejection of the last offer. In all, while it appears that the parties were, at time Petitioners filed this action, at a stalemate, such a stalemate does not constitute final agency action for purposes of judicial review

under the APA.  This is especially true given the fact that the terms of the Petitioners' last offer, and the Coast Guard's rejection of such, involved provisions for eight of the M/V SUSAN K's crew members.  With the subsequent issuance of the material witness warrants, and the 60 day time-limit imposed for the depositions of those eight crew members, the circumstances underlying the parties' negotiations have significantly changed.[1]

Petitioners make much of the Supreme Court's recent decision in *Sackett*, arguing that this case involves "the exact use of economic coercion that the Supreme Court found impermissible in *Sackett*, and granted the Court jurisdiction pursuant to the APA and 28 U.S.C. 1331 to intervene and review the agency's action."  Petitioners' Response to Respondents' Motion to Dismiss (Document No. 18) at 8.  *Sackett*, however, is distinguishable.  *Sackett* involved an economically coercive agency order, for which there was no administrative remedy or appeal.  *Sackett*, 132 S.Ct. at 1372 ("As the Sacketts learned when they unsuccessfully sought a hearing, the 'Findings and Conclusions' that the compliance order contained were not subject to further agency review.").  Here, there is an administrative remedy and an administrative appeal process.  33 C.F.R. § 160.7.  *Sackett*, therefore, cannot be read to create subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702 where the agency action at issue is not final.

---

[1] In *Giuseppe*, the Court determined that the Coast Guard's "take-it-or-leave-it demand" constituted a final agency action.  2012 WL 527619 at *4.  Here, upon application of the rules for determining when an agency action can be considered final, such a conclusion is not warranted.  This appears to be in line with the Court's decision in *Wilmina*, 2012 WL 2079905 at *3.

### III.     Conclusion and Recommendation

Based on the foregoing and the conclusion that there is no admiralty jurisdiction, there is no final agency action for purposes of jurisdiction under the APA, and the jurisdictional prerequisite to suit under the APPS has not been met, the Magistrate Judge

RECOMMENDS that Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 10) be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 9th day of May, 2012.

Frances H. Stacy
United States Magistrate Judge

9